DISTRICT  UNITED STATES COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DISTRICT



ANTHONY HUDSON                                                    PLAINTIFF

Vs                                    CAUSE NO 2:23cv00197-TBM RFM

| | |
|---|---|
| TRAVELERS | DEFENDANT |
| COUNCILWOMAN GRACE AMOS | DEFENDANT |
| COUNCILMAN ANTHONY THAXTON | DEFENDANT |
| COUNCILWOMAN SHIRLEY KEYS JORDAN | DEFENDANT |
| COUNCILMAN GEORGE A. CARMICHAEL | DEFENDANT |
| MAYOR JOHNNY MAGEE | DEFENDANT |
| COUNCILWOMAN ANDREA ELLIS | DEFENDANT |
| COUNCILMAN JASON CAPERS | DEFENDANT |
| COUNCILMAN JAMES K. KELLY | DEFENDANT |
| COUNTY SUPERVISOR TRAVARES COMEGY | DEFENDANT |
| COUNTY SUPERVISOR LARRY DYKES | DEFENDANT |
| COUNTY SUPERVISOR PHIL DICKERSON | DEFENDANT |
| | |
| FCCI INSURANCE GROUP | DEFENDANT |
| COUNTY SUPERVISOR DAVID SCRUGG | DEFENDANT |
| COUNTY SUPERVISOR JOHN A. BURNETT | DEFENDANT |

## FIRST AMENDMENT COMPLAINT
### PRELIMINARY STATEMENT

This action seeks the full value of these elected officials' Public Official Bonds because they participated in the wrongful deprivation of Plaintiff's State and Federal Constitutional Rights.  Plaintiff alleges that all Defendants acted under the color of law while violating Plaintiff's rights. These Public Officials also participated in Civil Conspiracy thereby violating their Official Oath and Breaching their Contract with Travelers Insurance and FCCI Insurance Group and causing deprivation of the feeling of unjust treatment and mental anguish to Plaintiff.

## JURISDICTION and VENUE

This Court has Subject Matter Jurisdiction pursuant to 28 U.S.C.A. 1331, 1441, and

1446.

## PARTIES

1. Plaintiff Anthony Hudson resides at 2219 Center Ave, Laurel, Mississippi, 39440.

2. Defendants, Councilwoman Grace Amos {Bond #107418578} Councilman, Anthony Thaxton {Bond #107418579} Councilwoman Shirley Keys Jordan, {Bond# 107418577} Mayor Johnny Magee, {Bond #107418576} Councilman George Carmichael, {Bond #107418582} Councilwoman Andrea Ellis, {Bond #107418583} Councilman James K. Kelly, {107418581} and Councilman Jason Capers, {107418580}, all do business at 401 5th Ave, Laurel, Ms 39440.

3. Defendants County Board of Supervisor, Larry Dykes, {Travelers Bond #107051106}, County Supervisor Phil Dickerson,  Travelers Bond #107051107}, County Board of Supervisor David Scrugg, {FCCI Bond #60015784}, County Board of Supervisor John A. Burnett, {FCCI Bond#60006910}, and County Board of Supervisor Travares Comegys, {Travelers Bond #107051111}, all do business 415 N. 5th Ave, Laurel, MS 39440.

4. FCCI Insurance Group 6300 University Parkway, Sarasota, Florida 34240

5. Travelers/Agent: United State Corporation Company 109 Executive Dr. St 3, Madison, Ms 39110-8497


## FACTS COMMON TO ALL COUNTS

6. On or about May 18, 2023 Plaintiff sent emails to the Laurel City Council, Mayor Johnny Magee, the County Board of Supervisors and in a response to Carrie on May 22,2023, Plaintiff reiterated the demand for a hearing regarding the 33 year old standing production of the Mother Day Blues Fest and the Commissioners alleged discriminatory actions to rid our city

of the Mother Day Blues Fest and the Black Rodeo. (Civil Docket Record # 7 Exhibit 17 and 18 attached).

7. Mr Hudson then attended several City Council meetings where he spoke to the city council, reminding them of the requested hearing then finally telling the council that they had denied Plaintiff a hearing while violating their Oath of Office. (Civil Docket Record #19, Exhibits attached as 3, 4, and 5.)(Also see Civil Docket Record #8, Exhibits attached as 7-13 and Civil Docket Record #7 Exhibits attached as 7-14.

8. Once this letter of Demand hit the hands of the County Board of Supervisors and Laurel City Council, no one responded in writing but they all agreed verbally to tell Mr.Hudson that the Fairground Commissioners were a separate governmental entity and that the Council and County had no control of their actions. But, in the article in the impact at page 3, Paragraph 4, Mr. Burnett explained that once the commission established rules and regulations while making other decisions about the operation of the Magnolia Center and fairgrounds, representatives for the Commissioners comes before the board for approval. Not only were they to go to the County with changes, these changes were also supposed to be reported to the City of Laurel. In Paragraph 5 on this same page, the court will find that the Commissioners only told the County about the changes in security and not about all the other changes and excessive fees charged to the producer of the Mother Day Fest and the Black Rodeo. They told the City of Laurel nothing. (Civil Docket Record #7, Exhibit 18 attached)(Also see Civil Docket Record # 19, Exhibit 1 and 2 attached).

9. Immediately after the Commissioners succeeded in getting rid of the Mother Day Blues Festival and the Black Rodeo, the Commissioners approached the Laurel City Council and the County Board of Supervisors and requested $180,000.00 of taxpayers dollars to subsidize the operation,

maintenance, and improvement of the Magnolia Center and Laurel Fairground. Why would they run off thousands of dollars in revenue and then ask for taxpayers dollars to cover the shortfall. (Civil Docket Record # 8, Exhibits 13 and 14 attached.)(Also See Civil Docket Record # 8, Exhibit 5 paragraph 4 attached).

10. On February 20, 2024, Mr. Hudson attended the council meeting because he had some grievances he wanted to take before the council during the Citizen Forum. Mr. Hudson stood at the podium and began to read his statement when all of a sudden, Councilman Carmichael and Councilwoman Ellis began yelling to remove Mr. Hudson from the Council Chambers. The Chief and Assistant Chief of police just looked at these two Council people shouting and disturbing the meeting. Mr. Hudson then told the President of the Council, Mr. Thaxton, that he did not finish his speech and he still had 2 minutes and 50 seconds left under the ordinance. Mr. Thaxton suppressed Mr. Hudson's speech and told him that they did not want to hear anything else from him today. Mr. Hudson left the chambers shaken, confused, and angry at the actions of Councilmen Carmichael and Councilwoman Ellis who disrupted the meeting. Since Council President Tony Thaxton had suppressed Plaintiff's speech during an open meeting, Mr Hudson wrote a letter to the Mayor and then filed a Freedom of Information request for the video recording in the Council Chambers. Mr. Hudson was told that no camera or audio was used. Mr. Hudson then waited for the Council minutes which cut off substantially all the disrupted action of these two councilpersons. (Exhibit A,B,C, D, and E attached to this Amended Complaint).

## CAUSE OF ACTION

11. By refusing Plaintiff a hearing, the Defendants violated Plaintiff's right under the First Amendment of the United States Constitution which gives Plaintiff the right to petition his Government for redress which has been

well established since 1789. Speech on public affairs is more than self expression, it's the essence of self government. Garrison v. Louisiana 379 U. S. 64, 74-75 (1964). Accordingly, Speech on public issues occupies the highest rung of the hierarchy of First Amendment values and is entitled to special protection. Connick v. Myers 461 U. S. 138, 145 (1983) (Internal quotation marks omitted). The right to petition the government for redress of grievances is among the oldest in our legal heritage dating back 800 years to the magna carta.

Further, the Council, Mayor of Laurel, and the County Board of Supervisors ignored its ministerial duty. A duty is ministerial if it is positively imposed by law and required to be performed at a specific time, place, removing an officers or entity's choice or judgment. Covington County Sch. Dist. v. Magee 29, So 3d 1,5 (Miss 2010) quoting L. W. McComb Separate Mun. Sch. Dist 754 So 2d1136, 1141 (Miss 1999).

12. By refusing Plaintiff a hearing, the Defendants violated the Fourteenth Amendment to the Constitution, Procedural Due Process and equal protection under the law. All persons born or naturalized in the United States, and subject to jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the law.

13. By refusing Plaintiff a hearing and restricting Plaintiff's speech, these elected officials violated article 3 section 11, article 3 section 13, and article 3 section14 of the Mississippi Constitution. By restricting Mr. Hudson's speech and denying him procedural due process, these elected officials restricted his right to petition his government.

14. By refusing to allow Plaintiff a hearing, the Council, Mayor, and Board of Supervisors breached their Public Official Bond, allowing Plaintiff to bring suit according

to Miss Code Ann 25-1-45, which states; that if any county, county district, or municipal officer who has executed a bond for faithful performance of duty shall knowingly willfully fail, neglect, or refuse to perform any duty required of him/her by law or shall violate his official obligation that citizens can bring cause against them.

15. By refusing to allow Plaintiff a hearing the Laurel Council and County Board of Supervisors cause a deprivation of the feeling of unjust treatment (Indignant) further causing Plaintiff Mental Anguish. From the outrageous lies and deceit  from these elected officials, Mr. Hudson is experiencing grief, hopelessness and anxiety. For these to be public officials, their behavior was and still is malicious, intentional, and outrageous conduct.  Intentionally violating our Federal and State Constitutions which they swore to uphold under Oath.

16. By refusing to allow Plaintiff a hearing the Council, Mayor, and County Board of Supervisors breach their Public Official Bond/Contract with FCCI Insurance Group and Travelers.  The existence of a valid and binding contract has been established.  Plaintiff can show that according to Watkins & Eager LLC v. Lawrence,326 So 3d. 988,991(9)(Miss 2021),  a breach is material when there is a failure to perform a substantial part of the contract or one or more of its essential terms or conditions or if there is such a breach as to defeat the purpose of the contract substantially. ID. (Citation and internal quotation marks omitted).

17.  By agreeing to and continuously repeating to Mr. Hudson that the Fairground Commissioners were their own separate governmental entity, these elected officials went into Civil Conspiracy to prevent and deny Mr. Hudson a hearing to present evidence and witnesses to the wrongful act of the Fairground Commissioners who was appointed by the Mayor, the Laurel City Council and the County Board of Supervisors. The elements of a civil conspiracy claim are "an agreement, between two or more persons, to accomplish either an unlawful end, or a lawful end by unlawful means, resulting in damage to the plaintiff." Peters, 57 F. Supp. 2d at 1284; Haapanen v. Bogle, 643 So. 2d 547, 551 (Ala. 1994); Snyder v. Faget, 326 So. 2d 113, 116 (Ala. 1976).

18. Since Plaintiff states action against Sureties of the Council Persons, Supervisors, and the Mayor, the MTCA does not apply to an action for breach of an expressed Contract.  In the Estate of Lawrence Spiegel v. Western Surety Company, Cause# 2004-CA-00796-COA.

19. Qualified Immunity cannot be invoked by Officials who knew that they were violating Plaintiff's State and Constitutional rights (Subjective bad faith) or who should have known that they were transgressing a clearly established Constitutional rule. (objective faith).

"The people of Laurel do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know."

## PRAYER FOR RELIEF

A. Enter Judgment in favor of Mr. Hudson and against the Defendants for violation of Mr. Hudson's Federal and State Constitutional Rights and Breach of their Public Official Bonds.

B.  Declare that the actions of these Public Officials violated the conditions of their Public Official Surety Bonds and award Plaintiff the fixed sum of each Defendant's Public Bond which is $200,000.00 from FCCI Insurance Group and $1.1 million from Travelers.

C. Order the Mayor, the Laurel City Council, and the Board of Supervisors to give Mr. Hudson the hearing that was constitutionally afforded him.

## JURY TRIAL DEMANDED

Dated this the _____29th_____ day of April, 2024

Anthony Hudson

Prepared by:  Anthony J. Hudson
2219 Center Ave
Laurel, MS  39440
601-804-9531

## CERTIFICATE OF SERVICE

I, Anthony Hudson do certify that a copy of this Amended Complaint plus exhibits
has been emailed to Brett Robinson at brobinson@hortmanarlo.com and William
Allen at will.allen@aabalegal.com.

ANTHONY HUDSON