IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTHONY HUDSON**                                                                                          **PLAINTIFF**

v.                                                                                  CIVIL NO. 2:23-cv-197-TBM-RPM

TRAVELERS;
COUNCILWOMAN GRACE AMOS;
COUNCILMAN ANTHONY THAXTON;
COUNCILWOMAN SHIRLEY KEYS JORDAN;
COUNSILMAN GEORGE A. CARMICHAEL;
MAYOR JOHNNY MAGEE;
COUNCILWOMAN ANDREA ELLIS;
COUNCILMAN JASON CAPERS;
COUNCILMAN JAMES K. KELLY;
COUNTY SUPERVISOR TRAVARES COMEGY;
COUNTY SUPERVISOR LARRY DYKES;
COUNTY SUPERVISOR PHIL DICKERSON;
FCC INSURANCE/BRIERFIELD INSURANCE AGENCY;
COUNTY SUPERVISOR DAVID SCRUGG;
COUNTY SUPERVISOR JOHN A BURNETT, *and*;
FCCI INSURANCE GROUP INC.                                                                         **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On May 10, 2024, Plaintiff Anthony Hudson filed a Motion for Default Judgment [28] against Defendants FCCI Insurance Company, Supervisor David Scrugg, and Supervisor John A. Burnett. After a thorough review of the motion, the Court finds that Mr. Hudson's Motion for Default Judgment is DENIED.

Mr. Hudson's Motion for Default Judgment is not properly filed. Prior to filing a Motion for Default Judgment, the party seeking the default judgment must first seek an entry of default from the clerk under Rule 55(a) of the Federal Rules of Civil Procedure. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After [] default has been

entered, plaintiff may apply for a judgment based on such default. This is a default judgment."); *Wilson v. Mail Contractors of Am., Inc.*, 2010 WL 11682194, at *1 (S.D. Miss. Aug. 9, 2010) (citing *Advanced Commun. Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. Appx. 964, 969 (Fed. Cir. 2002); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)).

Further, Mr. Hudson has not made clear in his motion, what form of relief he is seeking from this Court's potential granting of a default judgment. Though Mr. Hudson requested declaratory relief in his amended complaint [25] he makes no such request in his Motion for Default Judgment. Likewise, Mr. Hudson does not provide a proposed judgment to be entered or specify at all as to what he actually wants.

For all these reasons, Mr. Hudson's Motion for Default Judgment [28] is DENIED without prejudice.

**SO ORDERED AND ADJUDGED**, this the 20th day of June, 2024.

                                                    **TAYLOR B. MCNEEL**
                                                  **UNITED STATES DISTRICT JUDGE**