IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTHONY HUDSON**                                                                                                       **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 2:23-cv-197-TBM-RPM**

**TRAVELERS CASUALTY
AND SURETY COMPANY
OF AMERICA,** *et al.*                                                                                              **DEFENDANTS**

## ORDER ON MOTION FOR SANCTIONS

*Pro se* Plaintiff Anthony Hudson filed suit under 42 U.S.C. § 1983 alleging violations of his rights under the First Amendment, Fourteenth Amendment, and various state-law claims against various public officials. Before the Court is the City Defendants,[1] and their insurer Travelers Casualty and Surety Company of America Motion for Sanctions [26] against Hudson, arguing that under the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651, a plaintiff can be considered vexatious if they have a history of filing lawsuits that are baseless or without merit. They argue that Hudson's history supports their request for sanctions. [26], p. 6. The City Defendants also state that they are "entitled to sanctions under this provision because [Hudson] has acted in bad faith, with improper motive, or reckless disregard of the duty owed to the court." [26], p. 6.

"Federal Rule of Civil Procedure 11 imposes a duty on . . . *pro se* litigants when presenting a filing to the court to certify that the filing 'is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" *Jesus v. Lamar*

---

[1] The City Defendants include Councilwoman Grace Amos, Councilman Anthony Thaxton, Councilwoman Shirley Keys Jordan, Councilman George A. Carmichael, Councilwoman Andrea Ellis, Councilman Jason Capers, Councilman James K. Kelly, and Mayor Johnny Magee.

*Co.*, No. 1:22-cv-209, 2022 WL 10668709, at *8 (S.D. Miss. Oct. 18, 2022) (quoting FED. R. CIV. P. 11(b)(1)). The Court uses an objective standard of reasonableness to determine whether a party has filed a pleading for any improper purpose under Rule 11(b)(1). *Id.* (citation omitted); *see also United States v. Javanmard*, 767 F. Supp. 1109, 1111 (D. Kan. 1991) (district courts have power to vacate conviction on equitable grounds under the All-Writs Act).

Rule 11's safe-harbor provision requires a moving party to serve the motion on the party against whom it seeks sanctions 21 days before presenting the motion to the Court. FED. R. CIV. P. 11(c)(2); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 672 n.173 (S.D. Tex. 2005) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). Failure to comply with the safe harbor provision provides sufficient basis alone to deny a motion for sanctions because the sanction cannot be upheld. *See Elliott*, 64 F.3d at 216; *see Brassfield v. Wells Fargo Bank*, No. 3:22-cv-654-KHJ, 2023 WL 3046801, at *5 (S.D. Miss. Apr. 21, 2023), *on reconsideration*, No. 3:22-cv-654-KHJ, 2023 WL 3235971 (S.D. Miss. Apr. 24, 2023). The City Defendants concede that they have not yet complied with Rule 11's safe-harbor provision and their request for sanctions will therefore be denied. *See* [26], p. 6.

Even if the City Defendants had complied with Rule 11's safe-harbor provision, however, Hudson's conduct does not arise to the level to warrant sanctions. "For example, sanctions may be warranted when the *pro se* party who abuses the legal process is acquainted with the rules of the judicial process and the consequences of violating the rules." *Mikkilineni v. Penn Nat. Mut. Cas. Ins. Co.,* 271 F. Supp. 2d 151, 155 (D.D.C. 2003) (internal citation omitted). Hudson has neither abused the legal process, nor violated any orders of this Court. Thus, the Court exercises its discretion and denies the City Defendants' request for sanctions, as at least one of Hudson's First Amendment claims is not frivolous. *See Thomas v. Cap. Sec. Servs.*, Inc., 812 F.2d 984 (5th Cir. 1987), *on reh'g*,

836 F.2d 866 (5th Cir. 1988) (decision to award attorney fees under civil rights statute or statute governing counsel's liability for excessive costs, is committed to district court's discretion); *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106 (8th Cir. 2019) (holding that purchaser was not entitled to sanctions against estate's attorneys for vexatious multiplication of proceedings).

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Sanctions [26] is DENIED for failure to comply with Rule 11's safe harbor provision.

This, the 31st day of March, 2025.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE